GARCIA vs. HATCHELL.

GARCIA
vs.
HATCHELL.

APPEAL from the court of the third district.

The country between the Iberville and Perdido rivers, is part of the territory ceded by France to the U. States.

MARTIN, J. delivered the opinion of the court. The petition states, the plaintiff is the legal owner of a tract of land of ten thousand acres square; that the defendant has taken possession of part of it, illegally, cut down trees and committed other trespasses thereon, and concludes for possession and damages.

The defendant pleaded the general issue, and claimed title. There was a verdict, finding several issues, and judgment was given thereon for the defendant. The plaintiff appealed.

There are two bills of exceptions taken by the plaintiff's counsel. The first is, to the refusal of the judge to strike off several issues submitted by the defendant to the jury. The second is, to the admission in evidence of the land regulations, commonly called Morales' land terms.

It is true, several of the issues complained of, are issues of law, and were improperly

submitted, and we have disregarded the findings on them.

The document was objected to, as unauthentic. We have only the transcript, made by the clerk in the record, and as this alone does not enable us to ascertain, whether the original, or copy produced, were authentic, the appellant must blame himself, if we have not attended to his bill of exceptions—as he has not inserted therein sufficient facts to enable us to judge of the correctness of the decision of the inferior judge.

The facts, as found by the jury, are, that the plaintiff claims under a grant from Morales, the intendant of the Spanish province of West Florida, of the first of September, 1806, for 10,000 acres, in that part of the present state of Louisiana, now known as the parish of Feliciana, which is within that part of the country east of the Mississippi, of which the United States took possession in September, 1810, and which, before that day, was known as part of West Florida. The plaintiff has paid taxes on the tract from 1813 to 1821.

The defendant claims title in 640 acres, which he occupies, and is the *locus* in quo,

under a certificate of the land commissioners of the United States, in consequence of his possession, occupancy, cultivation and improvements. He entered on the premises in 1809, and immediately began his cultivation and improvements.

There was judgment for the defendant, and the plaintiff appealed. The appellant's counsel principally relies on the failure of the plaintiff to show a title on which he can recover—as the country within which the land claimed is situated, had been ceded before the grant, to France, and by France to the United States; and that, therefore, the grant is void, being made by the officer of a sovereign, who had no authority to make it.

The cause presents the very intricate, and at one time very interesting question, to whom did the country between the Iberville and Perdido belong rightfully, when the title now asserted by the plaintiff, was acquired?

This question, however, has very lately undergone a solemn discussion, having been acted on and solved by the supreme court of the United States, on a writ of error from the court of the Louisiana district, in the cas

of Foster & al. plaintiffs in error *vs.* Neilson,
defendant in error.

The decision of the highest tribunal of the nation, we are bound and inclined to consider as affording to us the only legitimate rule of decision, in cases relating to the construction of treaties.

They have considered the country between the Iberville and Perdido, as part of the territory, ceded by Spain to France, and the latter to the United States. We are, therefore, bound to conclude, that the Spanish officer, who granted the premises to the plaintiff, was without authority for doing so.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Woodruff* for appellant.